OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the Appellate Division that petitioners have failed to demonstrate that Deputy Fagan performed any civil duties so as to entitle the newly elected Sheriff, Andrew Meloni, to discharge him without regard to the contractual limitations in the collective bargaining agreement entered into by the Sheriff’s predecessor (cf. Matter of Reese v Lombard, 46 NY2d 904; Matter of Sirles v Cordary, 40 NY2d 950).
Fagan had served as a guard in the Monroe County Jail for eight years prior to being discharged by Sheriff Meloni. The Sheriff contends that because the jail houses both criminal and civil prisoners, Fagan did not perform exclusively criminal duties. The evidence, however, supports the finding by both courts below, that for at least the 18 months preceding Meloni’s assumption of office, Fagan was specifically assigned to guard criminal prisoners and worked in an area of the jail where only criminal prisoners were housed.
Supreme Court’s conclusion that Fagan could be discharged without regard to the collective bargaining agreement was, as acknowledged by that court, based solely on the "potential” for civil duties stemming from the presence of civil prisoners in the jail. As the Appellate Division recognized, under such a test no Deputy Sheriff would receive the continued protection of the collective bargaining agreement, as every deputy could conceivably come into contact with a civil prisoner at some time. That court properly focused on the actual duties being performed by Fagan prior to his termination, and was correct in its determination that Fagan’s grievance must be resolved pursuant to the collective bargaining agreement.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs, in a memorandum.